1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10              **WESTERN DIVISION**

11  STAR FABRICS INC,,                          **CASE NO. 2:17-cv-03693-SVW-E**

12                  Plaintiffs,
                                                **ORDER AND JUDGMENT**
13      vs.                                     **GRANTING PLAINTIFFS' MOTION**
                                                **FOR DEFAULT JUDGMENT [23]**
14  KARMA; PROFILE INDUSTRIES,
    INC.; MY STORY BOUTIQUE
15                  Defendants.                 JS-6

16

17      **I.  INTRODUCTION**

18      On May 16, 2017, plaintiff Star Fabrics, Inc. ("Plaintiff" or "Star"), filed this action against

19  defendants Karma, Profile Industries, Inc., and My Story Boutique (collectively "Defendants")

20  for copyright infringement of a proprietary textile design owned by Plaintiff. Presently before the

21

22  Court is Plaintiff's Motion for Default Judgement against Defendant My Story Boutique ("My

23  Story"). (Dkt. 21).  For the reasons stated below, the Court GRANTS the motion.

24      **II.  FACTS AND PROCEDURAL HISTORY**

25      Plaintiff is a Los Angeles-based textile company. Haroni Decl. ¶ 3. As part of its business

26  practices, it creates or purchases the exclusive rights to two-dimensional works of art and files

27  and receives copyright registrations for these works. *Id*. Star invests heavily in the development

28

                                        1

and purchase of original artwork for such uses. *Id*. at ¶ 4. Star attracts customers to itself as the exclusive source of those designs. *Id*.

Plaintiff's ongoing and potential customers obtain design samples from the company with the understanding and agreement that they will use only Star to reproduce the designs should they wish to do so, and will not seek to print the designs elsewhere or make minor changes to Star's proprietary work to reproduce them elsewhere. Haroni Decl. ¶ 5. Despite this agreement and Star's exclusive ownership of the copyrights in its designs, parties still exploit and print its exclusive designs through third parties domestically and abroad. *Id*. at ¶ 6.

In this case, My Story purchased and sold, without permission, garments bearing Star's proprietary and registered 68088 design, identified herein as the Subject Product. Haroni Decl. ¶11, Ex. 4.

III. **ANALYSIS**

a. **Default Judgment**

Before a Court may rule on a Motion for Default Judgment, it first must determine whether the Motion complies with Rule 55 of the Federal Rules of Civil Procedure and Local Rule 55-1. *See Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The Motion must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Solders' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. *Id*.; *see also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 n.19 (C.D. Cal. 2010) (holding that service on defaulting party is required only if the party has appeared in the action).

Once these procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar*, 725 F. Supp. 2d at 919. Entry of default does not automatically entitle the non-defaulting party to a court-ordered judgment. *See Pepsico*, 238 F. Supp. 2d at 1174. In fact, default judgments are ordinarily disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Accordingly, the Ninth Circuit has instructed courts to consider the following factors in deciding whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;(5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

Upon entry of default, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6). The court, however, must assure itself that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Landstar*, 725 F. Supp. 2d at 920. Further, the plaintiff must provide evidence of its damages, and the damages sought must not be different in kind or exceed the amount demanded in the pleadings. Fed. R. Civ. Pro. 54(c) ("A judgment by default shall not be different in kind from, or exceed in amount, what is demanded in the pleadings.").

### b. **Procedural Requirements**

Plaintiffs have satisfied the procedural requirements for default judgment under Local Rule 55-1. Plaintiffs provided the Declaration of Howard S. Han, the attorney representing the Plaintiffs. Mr. Han avers that (1) Plaintiffs' Request of Default on the Complaint was entered against My Story on September 29, 2017 (Dkt. 19); (2) My Story is a business entity and,

3

therefore, not a minor, incompetent person, soldier in military service, or otherwise exempted under the Soldier's and Sailor's Civil Relief Act of 1940; and (3) that Notice of the Application for Default judgment was served upon My Story on November 16, 2017. As the procedural requirements are met, the Court turns to examine the merits of the Request.

c. **Application of the *Eitel* Factors**

i. **Possibility of Prejudice to the Plaintiff**

Plaintiffs would suffer prejudice if default judgment is not entered because Plaintiffs would be without other recourse. My Story's failure to respond to Plaintiff's Complaint has delayed relief to Plaintiffs. Additionally, Plaintiffs have already incurred litigation expenses in serving My Story, which has fallen on deaf ears. If a default judgment is not entered, Plaintiffs will continue to suffer harm from My Story's continued infringement. Therefore, this factor weighs in favor of granting default judgment.

ii. **Merits of Plaintiffs' Claim and Sufficiency of the Complaint**

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18. The second and third *Eitel* factors assess the substantive merit of plaintiff's claim and the sufficiency of its pleadings. These factors "require that a plaintiff state a claim on which [it] may recover." *Pepsico*, 238 F.Supp.2d at 1175; *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 920.

My Story does not dispute the Plaintiff's assertions of copyright infringement. To properly allege a copyright infringement claim, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991)). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish

4

copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990). When determining relief for a copyright violation, there is a presumption that infringements are committed willfully. See 17 U.S.C. § 504(c)(3)(A).

Here, Star is the undisputed owner of the registered copyright in the 68088 design. (Complaint ¶14).[1] The Complaint alleges substantial similarity between the 68088 design and the designs on My Story's Subject Products (Complaint ¶16) and My Story's access to Star's designs through Star's ongoing distribution of design samples to potential customers through its regular course of business (Complaint ¶15)  Because well-pleaded facts in the complaint are taken as true, My Story's unauthorized reproduction of Star's 68088 design, as well as the sale and distribution of garments bearing such unauthorized substantially similar reproductions or derivative versions, are violations of Star's copyrights. See 17 U.S.C § 106. Thus, the Complaint properly alleges the constituent elements of a cause of action for copyright infringement, which weighs in favor of default judgment.

### **Sum of Money at Stake**

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176; *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 921. This requires that the Court assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. See *Walters v. Statewide Concrete Barrier, Inc.*, No. C 04–2559 JSW, 2006 WL 2527776, *4 (N.D.Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted"); *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 921.

---

[1] Courts have consistently held that "registration is prima facie evidence of the validity of a copyright." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488-89 (9th Cir. 2000).

In this case, the Plaintiffs elected to seek statutory damages instead of actual damages. The Statutory damages here equal the maximum statutory damages allowed for non-willing infringement—$30,000. 17 U.S.C. §§ 504(c)(1); *see Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). When determining an amount of statutory damages in the context of default judgment in a copyright infringement action, the Court is guided by "the nature of the copyright, the circumstances of the infringement and the … express qualification that in every case the assessment must be within the prescribed maximum or minimum." *Peer Int'l Corp.*, 909 F.2d at 1336 (9th Cir. 1990); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("[T]he amount of statutory damages and costs requested consists of discretionary awards and statutory minimums.").

Given that the court has found defendants infringed plaintiffs' copyrights, the court concludes that statutory damages are appropriate. Statutory damages should be proportional to the damages suffered by the copyright holder. For instance, in *Spencer Promotions Inc. v. 5th Quarter Enterprises Inc.*, No. C-94-0988 CW, 1996 WL 438789 (N.D. Cal. Feb. 21, 1996), the court found that defendants had committed a single act of willful copyright infringement by broadcasting plaintiff's copyrighted prizefight in their establishment. At the time, the viewing area was crowded and at least two television sets were operating. *Id*. at *3. Plaintiff sought the maximum statutory damage award, but the court found that $25,000 was appropriate. *Id*. at *6. It reasoned that although the violation was willful, it had occurred only once. *Id*. The court noted that "[t]o award the maximum penalty mechanistically, without engaging in some proportionality analysis, would be unconscionable." *Id*.

The maximum statutory damage requested by Plaintiff here is within the range provided for by statue. The maximum amount if appropriate because the plaintiff's primary business is to purchase pattern designs and unlike *Spencer Promotions*, My Story infringed Plaintiff's

6

copyrighted work multiple times. Any unauthorized use of the Plaintiff's copyrighted 68088 design threatens the very nature of the Plaintiff's business practice. Similarly, "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant." *Los Angeles News Service v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001). Here, Plaintiff has shown multiple unauthorized uses of Star's 68088 copyrighted design, but is only asking for damages for one of those instances. (Complaint, ¶ 21-23). Thus, Plaintiff's request for statutory damages is reasonable.

In addition to statutory damages, Plaintiff is entitled to costs pursuant to 17 U.S.C § 101, which equal $716.22, and attorneys' fees pursuant to Local Rule 55-1, which equal $2,400. Because there appears to be merit to the plaintiff's claims, this factor weighs in favor of granting default judgment.

### iii. **Possible Dispute of Material Facts**

The fifth *Eitel* factor considers the possibility that material facts may be in dispute. *Pepsico*, 238 F.Supp.2d at 1177; *Landstar Ranger, Inc*., 725 F. Supp. 2d 916 at 921. Here, there would likely be a reasonable dispute over the material facts regarding substantial similarity between Stars' 68088 design and the infringing Subject Products. However, because My Story has failed to appear in the action or to contest the material facts alleged in Plaintiffs' complaint, this factor weighs in favor of entering default judgment.

### iv. **Whether Default was Due to Excusable Neglect**

As to factor six, there is no evidence that My Story's failure to appear is the result of excusable neglect. My Story was properly served with the Complaint on September 19, 2017.

(Dkt. 14). To date, My Story has not filed anything that could be construed as an attempt to set aside the entry of default for this claim. Therefore, this factor weighs in favor of entering default judgment.

### v.   <u>**Policy Favoring Decisions on the Merits**</u>

Finally, as to factor seven, although cases should be decided on the merits whenever possible, "this preference, standing alone, is not dispositive." *Pepsico*, 238 F.Supp.2d at 1177 (*quoting Kloepping v. Fireman's Fun*d, 1996 WL 75314 at \*3 (N.D.Cal.1996)). Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend. Therefore, this factor does not preclude the entry of default judgment.

Accordingly, the *Eitel* factors in this case weigh in favor of granting default judgment.

## IV.  **REMEDY**

Here, the Court finds ample evidence that Plaintiff sustained monetary damages in the amount of $33, 116.22. The statutory damages here equal $30,000, costs equal $716.22, and attorney fees equal $2,400.00.

## V.  **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment and awards monetary damages worth $33,116.22 to Plaintiff.


IT IS SO ORDERED


Date: December 19, 2017

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

8